L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of the Seaboard Airline Railway Company, v. HARRY G. PROCTOR.

196 So. 419

Division B

Opinion Filed May 21, 1940

*Knight & Thompson,* for Plaintiffs in Error;

*Bradley & Wehl* and *Baynard & Baynard,* for Defendant in Error.

PER CURIAM.—This writ of error brings for review final judgment awarding plaintiff damages in an action at law for personal injuries and property damage resulting from a grade-crossing collision between an automobile and a train.

Plaintiff filed his single count declaration against the receivers of the Seaboard Airline Railway Co., alleging in substance that defendants operated their trains, among other places, within the corporate limits of the City of St. Petersburg, where Seventh Avenue intersects and crosses 40th Street South; that at said crossing on October 14, 1938, at about 12:45 P. M., defendants, by their servants and agents, who were at said time and place acting within the scope of their employment, carelessly and negligently ran a freight train into and against the automobile owned and operated by plaintiff, which was being driven south on 40th Street across Seventh Avenue, and due to said carelessness and negligence of defendants, their agents and servants, plaintiff was injured and damaged and his automobile was demolished. The declaration sets forth in detail the injuries plaintiff suffered; and further alleges in substance that plaintiff at the time of the injury was 52 years of age and had a life expectancy of 19 years; that at that time, plaintiff was earning, as a contractor in the building trade $250.00 per month, and since his injuries has been unable to work and will be unable to work for two years; that after said two years his earning capacity will be decreased for life by at least 50%; that plaintiff has been put to great expense

for doctors, surgeons, hospitals, medicine, massages and other treatments, and will have a large medical expense in the future of similar nature; that at the time of the accident plaintiff's automobile was valued at $600.00 and afterwards was of no value; that plaintiff brings this action for pain and suffering, injuries both temporary and permanent, loss of earning capacity, future pain and suffering, medical expense incurred and to be incurred, and for loss of the automobile. Damages claimed were $35,000.00. Bill of particulars showing medical expense was attached to the declaration.

Defendants filed a plea of not guilty, and two pleas of contributory negligence.

Trial was had, and the jury returned a verdict finding in favor of plaintiff and assessing his damages at $12,500.00, together with costs. Final judgment was entered thereon.

Upon motion for new trial, the court ordered that the motion be granted on the ground that the verdict is excessive, and that the verdict and judgment be set aside unless plaintiff enter remittitur of $6,500.00 within ten days, in which case motion for new trial will be denied, and judgment shall stand for $6,000.00.

Plaintiff entered a remittitur of $6,500.00 within the time allowed by the court in its order.

Thereupon, defendants took writ of error to the final judgment after remittitur was entered.

The only question presented here is whether or not there was sufficient evidence of negligence on the part of the employees of the Seaboard Airline Railway Co. to warrant the trial court in denying the motion for directed verdict and in submitting the issues of fact to the jury.

The evidence adduced was conflicting in material par-

ticulars. There was competent evidence to sustain each material allegation of plaintiff's declaration. In this state of the evidence, the trial court could no nothing other than deny the motion for a directed verdict. The denial of the motion for a directed verdict and the submission of the issues of fact to the jury, were proper, under the circumstances.

There was sufficient evidence of negligence of the employees of the Seaboard Airline Railway Co. to warrant the jury finding in favor of plaintiff.

Contributory negligence by plaintiff is not a bar to recovery against a railroad company, under our statute, Sec. 7052 (4965) C. G. L., 1927, unless it is the sole contributing cause of the injury alleged. Where the contributory negligence of plaintiff is partially responsible for the injury complained of, together with the negligence of defendant railroad company, damages are recoverable, but the amount of damages recoverable are to be diminished in proportion to the amount that plaintiff's negligence contributed to his own injury.

The final judgment, as diminished by the remittitur to $6,000.00 was modest enough to have fully contemplated any and all contributory negligence of plaintiff that might have been shown by the evidence. It is not made to appear wherein this judgment does not truly reflect the amount justly due plaintiff for his injuries and expenses incurred, under the existing circumstances.

Therefore, no error having been made to appear in the judgment below, it is accordingly affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.